882

Pedro C. Mendola, Manila, P. I., for the plaintiff.

E. R. Weisbender, Washington, D. C. with whom was Assistant Attorney General H. G. Morison, for the defendant.

Before JONES, Chief Judge, and MADDEN, HOWELL, WHITAKER and LITTLETON, Judges.

MADDEN, Judge.

The Government has filed a motion to dismiss the plaintiff's petition on the grounds that it does not state a cause of action of which this court has jurisdiction, and that any right which the plaintiff might have had is barred by the Statute of Limitations. We, therefore, recite briefly the facts which the plaintiff alleges in his petition.

The plaintiff is a citizen and resident of the Philippine Republic. On August 22, 1922, he was granted United States Letters Patent No. 1,427,011 for certain improvements in Electric Battery Electrolytes. This invention was never "used, made public, or usurped" by anyone until February 1942. During the emergency caused by the Japanese-American war, the plaintiff was requested by telegram dated February 13, 1942, from Isaac Chavarria, Supervising Post Office Inspector, Bureau of Posts of the Philippine Islands, Cebu, Cebu, to communicate to Chavarria the plaintiff's patented formula for "wet battery or the vinegar ingredient," and the plaintiff, "in his desire to render service to the United States Army, the guerillas and the resistance movement as a whole" replied by telegram on the same day setting forth the formula, stating that it was patented, and that "with my cooperation in the service, our Bureau can use formula with my permission during these days of emergency." On the next day the Inspector telegraphed to all telegraph offices that the plaintiff's patented discovery could be used to the advantage of the telegraph service during the emergency, and giving directions as to how to make batteries. As a result of these telegrams of the Inspector, batteries embodying the plaintiff's discovery were extensively used throughout the Visayas and Mindanao "by the American and Filipino Forces of Liberation" until Mindanao was liberated on May 13, 1945, and Visayas was liberated somewhat earlier. This use, and other uses by the guerilla forces in Misamis Oriental, was in connection with the operation of radio, telegraph, and telephone communication systems by and on behalf of the United States Army. The plaintiff filed a claim for $25,000 on June 18, 1948, with the "Claims Service of the Philrycom" against the United States for the use above described. The claim was returned to the plaintiff by the

"Philrycom" on the ground that it should have been filed prior to April 1, 1948.

The plaintiff sues for $25,000 stating that the suit is brought under several cited sections of the statutes of the United States. The only cited sections which seem to be in point are former 35 U.S.C.A. § 68 which is now 28 U.S.C.A. § 1498; and former 28 U.S.C.A. § 250, the here relevant parts of which are now 28 U.S.C.A. §§ 1491 and 2501. Section 1498 permits the holder of a patent to sue the United States for a royalty if the patented article has been manufactured by or for the United States. Section 1491 gives to this Court jurisdiction of suits against the United States upon claims founded upon the Constitution, or an Act of Congress, or a regulation of an executive department, or an express or implied contract with the United States, and upon claims for liquidated or unliquidated damages in cases not sounding in tort. Section 2501 fixes a period of six years within which suits against the United States must be brought, unless the claimant is under a disability.

■ The Government says that the plaintiff's patent had expired before the alleged use upon which this suit is based. That seems to be true. Section 4884 of the Revised Statutes, 35 U.S.C.A. § 40 provides: "Every patent shall contain * * * a grant to the patentee * * * for the term of seventeen years, of the exclusive right to make, use, and vend the invention or discovery * * * throughout the United States and the Territories thereof * * *." The plaintiff's patent, granted on August 22, 1922, expired on August 22, 1939. On that day the knowledge of the invention inured to the public, and any person could thereafter practice it and profit by its use. United States v. Dubilier Condenser Corporation, 289 U.S. 178, 186, 187, 53 S.Ct. 554, 77 L.Ed. 1114, 85 A.L.R. 1488. Since the first alleged use of the invention did not occur until February 1942, the patent had expired, and the plaintiff has no rights based upon 28 U.S.C.A. § 1498.

■ The plaintiff's citation of what is now 28 U.S.C.A. § 1491 may indicate that he is urging that a contract, express or implied in fact, can be spelled out of the allegations of his petition. Supervising Inspector Chavarria sent a telegram to the plaintiff asking for the formula of the plaintiff's discovery. The plaintiff replied on the same day giving the formula and directions for making batteries and saying that his discovery was patented but saying further "Our Bureau can use formula with my permission during these days of emergency."

The plaintiff's statement in his telegram that his discovery was "duly patented" was, in a way, misleading, though no doubt made in good faith. It was no longer "patented" in the sense that the plaintiff had a monopoly of it. On the contrary, it had become public property, and anyone could use it. The plaintiff had had his seventeen years of monopoly, and the public was now entitled to enjoy the consideration for which it had granted the monopoly, that is, the benefit of the disclosure made in the patent. It may well be that in the troublous situation in the Philippines in 1942 no one except the plaintiff knew the formula. It could not in those days be learned, of course, by communicating with the United States Patent Office in Washington. If the plaintiff had not disclosed it, it might not have been available for use in the Philippines, even though legally it was public property. If the plaintiff had demanded payment, or a promise to pay, for the disclosure, perhaps he would have been within his rights. And if the Supervising Inspector had promised the plaintiff that he would be paid, then it would have to be determined what authority, if any, the Supervising Inspector had to bind the United States by such a promise.

We have none of these questions before us. No promise to pay was asked or given. The plaintiff said in his telegram disclosing the formula "Our Bureau can use formula with my permission during these days of emergency." Hence the discovery, which he no longer owned, because his patent had expired, but of which he may have had exclusive possession in the Philippines because communication with the Patent Office was impossible, was disclosed as a gen-

884

erous act to meet an emergency. No promise to pay can be implied from these facts.

We conclude that the plaintiff's petition does not state a cause of action, and that the Government's motion to dismiss it should be granted. We do not consider or decide whether the Statute of Limitations would have been a bar if a cause of action had been stated in the petition.

The plaintiff's petition is dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL, WHITAKER and LITTLETON, Judges, concur.